UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MITCHELL COHEN,
                        Plaintiff,

v.                                                         1:10-CV-0743
                                                            (GTS/RFT)
TRANSPORTATION INSURANCE COMPANY,
                        Defendant.
_____

APPEARANCES:                                  OF COUNSEL:

POKLEMBA & HOBBS, LLC                GARY C. HOBBS, ESQ.
  Counsel for Plaintiff
2715 Rt. 9, Suite 102
Malta, NY 12020

HISCOCK & BARCLAY, LLP              THOMAS J. O'CONNOR, ESQ.
  Counsel for Defendant
50 Beaver Street
Albany, NY 12207

HON. GLENN T. SUDDABY, United States District Judge

## MEMORANDUM-DECISION and ORDER

       Currently pending before the Court in this diversity action for breach of contract and deceptive acts or practices, filed by Mitchell Cohen ("Plaintiff") against Transportation Insurance Company ("Defendant"), is Defendant's motion to dismiss the following portions of Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6): (1) Plaintiff's claim under N.Y. Gen. Bus. Law § 349; (2) in the alternative, Plaintiff's demand for punitive damages on that claim; and (3) any claims asserted by Plaintiff pursuant to N.Y. Ins. Law § 2601 and 11 NYCRR § 216. (Dkt. No. 8, Attach. 6.) For the reasons set forth below, Defendant's motion is granted in part and denied in part as moot.

I.      **RELEVANT BACKGROUND**

    A.      **Plaintiff's Complaint**

Plaintiff's Complaint asserts the following two claims against Defendant: (1) breach of contract pursuant to New York State common law; and (2) breach of New York State's prohibition against deceptive acts or practices in the conduct of any business pursuant to N.Y. Gen. Bus. Law § 349.  (*See generally* Dkt. No. 1.)

In addition, Plaintiff's Complaint raises the specter of two other claims: (1) a claim that Defendant "has engaged in slanderous and libelous conduct toward the Plaintiff"; and (2) a claim that Defendant has violated N.Y. Ins. Law § 2601 and 11 NYCRR § 216.  (Dkt. No. 1, ¶¶ 32, 44, 46.)  However, the Court does not even liberally construe Plaintiff's Complaint as intending to assert these two additional claims.  The Court reaches this conclusion for three reasons: (1) Plaintiff's allegation that Defendant "has engaged in slanderous and libelous conduct toward the Plaintiff" appears intended to merely support his claim that Defendant breached its contract with Plaintiff; (2) Plaintiff's allegation that Defendant has violated N.Y. Ins. Law § 2601 and 11 NYCRR § 216 appears intended to merely support his claim that Defendant violated  N.Y. Gen. Bus. Law § 349; and (3) Plaintiff's counsel expressly states that "Plaintiff's complaint against the defendant alleges two separate and distinct causes of action [i.e., one for breach of contract and one for violation of N.Y. Gen. Bus. Law § 349]."  (*Id*.; Dkt. No. 10 at 2.)

Generally, in support of his claims for breach of contract and breach of N.Y. Gen. Bus. Law § 349, Plaintiff's Complaint alleges that Defendant induced Plaintiff (through materially misleading statements) to renew a property insurance policy (the "Policy"), which Defendant subsequently breached by wrongfully denying Plaintiff's fire-loss insurance claim.  (*Id.*)  More specifically, Plaintiff alleges the following facts.

### 1. Allegations Regarding the Policy

Defendant advertised the Policy to Plaintiff as the "premier package," which covered an extensive list of potential causes. (*Id.*) The Policy was to protect property that served as Plaintiff's dental office. (*Id.*) Under the terms of the Policy, Defendant was to pay for the replacement cost, up to a specified limit, if a "covered cause of loss occurred." (*Id.*) However, Defendant was exempted from paying for a "covered cause of loss" if there were dishonest acts or fraud. (Dkt. No. 1, Attach 5.)

The Policy did not expressly state, nor did Defendant inform Plaintiff, that Defendant could take into consideration Plaintiff's financial condition in denying a claim. (*See generally* Dkt. No. 1.) Nonetheless, Defendant charged higher premiums based on Plaintiff's financial condition, with knowledge that Plaintiff's financial condition (e.g., any insolvency that he experienced) could *also* be used as circumstantial evidence to deny a loss under the policy. (*Id.*) Such policies are therefore deceptive and misleading to the public, and expose the public to potential harm. (*Id.*)

### 2. Allegations Regarding Insurance Claim

On January 13, 2009, a covered loss occurred by way of fire. (*Id.*) On that same day, Plaintiff submitted a claim with Defendant. (*Id.*)

Investigators believed the fire to be suspicious, but were unable to determine the identity of the responsible party. (*Id.*) In March 2009, Plaintiff underwent an "Examination Under Policy," where he was put under oath on two separate occasions. (*Id.*) Plaintiff provided voluminous financial documentation in addition to his statements. (*Id.*)

On December 21, 2009, Plaintiff was notified that he would receive a decision regarding his insurance claim within two weeks. (*Id.*) Five months later, Plaintiff received a decision

denying the claim.  (*Id.*)  The stated basis for denial was that Plaintiff did not accurately reflect his knowledge and involvement in the cause of the fire.  (*Id.*)  However, Plaintiff's insolvency served as circumstantial evidence to deny his claim.  (*Id.*)

Familiarity with the remaining factual allegations supporting these claims in Plaintiff's Complaint is assumed in this Decision and Order, which is intended primarily for review by the parties.  (*Id.*)

### 3. Relief

As relief, Plaintiff's Complaint seeks the following: (1) a declaratory judgment on Plaintiff's claim of breach of contract; (2) compensatory damages on his claims of breach of contract and breach of N.Y. Gen. Bus. Law § 349; (3) attorney's fees on his claim of breach of N.Y. Gen. Bus. Law § 349; and (4) punitive damages on his claim of breach of N.Y. Gen. Bus. Law § 349.  (*Id.* at ¶¶ 42, 65-67.)

### B. Defendant's Motion

Generally, in its motion to dismiss, Defendant argues as follows: (1) Plaintiff's claim under N.Y. Gen. Bus. Law § 349 should be dismissed because Plaintiff has failed to allege facts plausibly suggesting harm suffered to the public at large; (2) in the alternative, Plaintiff's demand for punitive damages on that claim should be dismissed because any harm that Plaintiff has suffered does not relate to the public at large; and (3) any claims that Plaintiff is attempting to assert under N.Y. Ins. Law § 2601 and 11 NYCRR § 216 should be dismissed because that statute and regulation do not give rise to a private cause of action.  (Dkt. No. 8, Attach 6 at 2 [Def.'s Memo. of Law].)

Generally, in his response, Plaintiff argues as follows: (1) Plaintiff's Complaint asserts only "two . . . causes of action [i.e., one for breach of contract and one for violation of N.Y. Gen.

Bus. Law § 349]"; (2) a court may not dismiss an action unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of him claim which would entitle him to relief pursuant to *Conley v. Gibson*, 355 U.S. 41 (1957); (3) applying that standard, here, Plaintiff's claim under N.Y. Gen. Bus. Law § 349 should not be dismissed because he has "sufficiently alleged" that Defendant's misleading practice constitutes consumer-oriented conduct, in part because Defendant breached its obligations under N.Y. Ins. Law § 2601; and (4) his demand for punitive damages should not be dismissed because he has "sufficiently alleged" that Defendant committed an egregious tort directed at the public at large.  (Dkt. No. 10.)

## II.   GOVERNING LEGAL STANDARD

It has long been understood that a defendant may base a motion to dismiss for failure to state a claim upon which relief can be granted on either or both of two grounds: (1) a challenge to the "sufficiency of the pleading" under Fed. R. Civ. P. 8(a)(2); or (2) a challenge to the legal cognizability of the claim. *Jackson v. Onondaga County*, 549 F. Supp.2d 204, 211, nn. 15-16 (N.D.N.Y. 2008) (McAvoy, J., adopting Report-Recommendation on *de novo* review) [citations omitted].

Because such motions are often based on the first ground, a few words on that ground are appropriate.  Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading contain "a *short and plain* statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) [emphasis added].  This tension between permitting a "short and plain statement" and requiring that the statement "show[]" an entitlement to relief is often at the heart of misunderstandings that occur regarding the pleading standard established by Fed. R. Civ. P. 8(a)(2).

On the one hand, the Supreme Court has long characterized the "short and plain" pleading standard under Fed. R. Civ. P. 8(a)(2) as "simplified" and "liberal." *Jackson*, 549 F. Supp.2d at 212, n.20 (citing Supreme Court case). On the other hand, the Supreme Court has held that, by requiring the above-described "showing," the pleading standard under Fed. R. Civ. P. 8(a)(2) requires that the pleading contain a statement that "give[s] the defendant *fair notice* of what the plaintiff's claim is and the grounds upon which it rests." *Jackson*, 549 F. Supp.2d at 212, n.17 (citing Supreme Court cases) (emphasis added).

The Supreme Court has explained that such *fair notice* has the important purpose of "enabl[ing] the adverse party to answer and prepare for trial" and "facilitat[ing] a proper decision on the merits" by the court. *Jackson*, 549 F. Supp.2d at 212, n.18 (citing Supreme Court cases); *Rusyniak v. Gensini,* 629 F. Supp.2d 203, 213 & n.32 (N.D.N.Y. 2009) (Suddaby, J.) (citing Second Circuit cases). For this reason, as one commentator has correctly observed, the "liberal" notice pleading standard "has its limits." 2 *Moore's Federal Practice* § 12.34[1][b] at 12-61 (3d ed. 2003). For example, numerous Supreme Court and Second Circuit decisions exist holding that a pleading has failed to meet the "liberal" notice pleading standard. *Rusyniak,* 629 F. Supp.2d at 213, n.22 (citing Supreme Court and Second Circuit cases); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-52 (2009).

Most notably, in *Bell Atlantic Corporation v. Twombly*, the Supreme Court reversed an appellate decision holding that a complaint had stated an actionable antitrust claim under 15 U.S.C. § 1. *Bell Atlantic Corporation v. Twombly*, 127 S. Ct. 1955 (2007). In doing so, the Court "retire[d]" the famous statement by the Court in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears

6

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Twombly*, 127 S. Ct. at 1968-69.  Rather than turning on the *conceivability* of an actionable claim, the Court clarified, the "fair notice" standard turns on the *plausibility* of an actionable claim.  *Id*. at 1965-74.  The Court explained that, while this does not mean that a pleading need "set out in detail the facts upon which [the claim is based]," it does mean that the pleading must contain at least "some factual allegation[s]."  *Id*. at 1965 [citations omitted].  More specifically, the "[f]actual allegations must be enough to raise a right to relief above the speculative level [to a plausible level]," assuming (of course) that all the allegations in the complaint are true.  *Id*. [citations omitted].[1]

As for the nature of what is "plausible," the Supreme Court explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. . . .  [W]here the well-pleaded facts do not permit the court to

---

[1] It should be emphasized that Fed. R. Civ. P. 8's plausibility standard, explained in *Twombly*, was in no way retracted or diminished by the Supreme Court's decision (two weeks later) in *Erickson v. Pardus*, in which (when reviewing a *pro se* pleading) the Court stated, "*Specific* facts are not necessary" to successfully state a claim under Fed. R. Civ. P. 8(a)(2).  *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) [citation omitted; emphasis added].  That statement was merely an abbreviation of the often-repeated point of law–first offered in *Conley* and repeated in *Twombly*–that a pleading need not "set out *in detail* the facts upon which [the claim is based]" in order to successfully state a claim.  *Twombly*, 127 S. Ct. 1965, n.3 (citing *Conley*, 355 U.S. at 47) [emphasis added].  That statement did not mean that all pleadings may achieve the requirement of "fair notice" without ever alleging any facts whatsoever.  Clearly, there must still be enough fact set out (however set out, whether in detail or in a generalized fashion) to raise a right to relief above the speculative level to a plausible level.  *See Rusyniak*, 629 F. Supp.2d at 214 & n.35 (explaining holding in *Erickson*) [citations omitted].

infer more than the mere possibility of misconduct, the complaint has alleged–but it has not show[n]–that the pleader is entitled to relief." *Ashcroft,* 129 S.Ct. at 1950 [internal quotation marks and citations omitted]. However, while the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," *id.*, it "does not impose a probability requirement." *Twombly*, 550 U.S. at 556.

Because of this requirement of factual allegations plausibly suggesting an entitlement to relief, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949. Similarly, a pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Ashcroft*, 129 S.Ct. at 1949 (internal citations and alterations omitted). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citations omitted).

Finally, a few words are appropriate regarding what documents are considered on a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). For purposes of Fed. R. Civ. P. 12(b)(6), "[t]he complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2009) (internal quotation marks and citations omitted); *see also* Fed. R. Civ. P. 10(c) ("A copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes."). Moreover, "when a plaintiff chooses not to attach to the complaint or incorporate by reference a [document] upon which it solely relies and which is integral to the complaint," the court may

nevertheless take the document into consideration in deciding the defendant's motion to dismiss, without converting the proceeding to one for summary judgment." *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995) (per curiam) (internal quotation marks and citation omitted).

## IV.   ANALYSIS

### A.   Plaintiff's Claim Under N.Y. Gen. Bus. Law § 349

As stated above in Part I.B. of this Decision and Order, Defendant seeks the dismissal of this claim because N.Y. Gen. Bus. Law § 349 does not apply to private contractual disputes concerning insurance coverage that do not affect the public at large. Based on even a liberal construction of Plaintiff's Complaint, and a careful review of the governing law, the Court accepts Defendant's argument.

"New York law declares unlawful '[d]eceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state.'" *PB Americas Inc. v. Cont'l Cas. Co.*, 690 F. Supp.2d 242, 251 (S.D.N.Y. 2010) (quoting N.Y. Gen. Bus. Law § 349 [McKinney's 2001]). "To state a cause of action under § 349, a plaintiff must assert '(1) the defendant's deceptive acts were directed at consumers, (2) the acts are misleading in a material way, and (3) the plaintiff has been injured as a result.'" *PB Americas Inc.*, 690 F. Supp.2d at 251 (quoting *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F. Supp.2d 269, 273 [S.D.N.Y. 2003], and also citing *Andre Strishak & Assocs., P.C. v. Hewlett Packard Co.*, 752 N.Y.S.2d 400, 401 (N.Y. App. Div., 2d Dept 2002). "The focus of § 349 cases is whether the alleged deceptive practice was 'consumer oriented.'" *PB Americas Inc.*, 690 F. Supp.2d at 251 (quoting *Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank*, 85 N.Y.2d 20 [N.Y. 1995]). "In

*Oswego*, the New York Court of Appeals expanded on the consumer oriented focus by stating that '[p]rivate contract disputes unique to the parties . . . would not fall within the ambit of the statute.'" *Id.* (quoting *Oswego Laborers'*, 85 N.Y.2d at 25).

"A defendant will not be held liable under § 349 where 'the disputed private transaction does not have 'ramifications for the public at large.'" *PB Americas Inc.*, 690 F. Supp.2d at 252 (quoting *Exxonmobil Inter-Am., Inc. v. Advanced Info. Eng'g Servs.*, 328 F. Supp.2d 443, 449 [S.D.N.Y. 2004]). "As the district court in *Exxonmobil* discussed, the meaning of the above proposition is two fold: 'First, § 349 liability attaches primarily where a party's misrepresentations are boilerplate and have the potential to be repeated in order to deceive numerous similarly situated buyers. . . . Second, allegedly deceptive acts that occur between relatively sophisticated entities with equal bargaining power do not give rise to § 349 liability.'" *Id.* (quoting *Exxonmobil*, 328 F. Supp.2d at 449).

"[A] case involving a complex insurance transaction . . . [is] not the 'modest' type of transaction [§ 349] was primarily intended to reach." *Id.* (quoting *N.Y. Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 321 [N.Y. 1995]). "It is essentially a 'private' contract dispute over policy coverage and the processing of a claim which is unique to these parties, not conduct which affects the consuming public at large." *N.Y. Univ.*, 87 N.Y.2d at 321 (finding that contracts that are not "standard policy" but are instead designed to provide services "tailored to meet the [plaintiff's] wishes and requirements are not consumer oriented for § 349 purposes").

Here, Plaintiff attempts to allege facts plausibly suggesting "consumer oriented" conduct by alleging as follows: (1) that Defendant "engages in the practice of advertising, promoting and selling insurance policies," i.e., consumer products, to the public at large; (2) that Defendant

represents to the public at large that "these insurance policies provide exceptional and advanced coverage and claim adjustment procedures"; (3) that Defendant underwrote Plaintiff's policy despite awareness of his financial condition; (4) that Defendant did so knowing that it may rely on that financial condition as circumstantial evidence to later deny a claim by Plaintiff; (5) that "upon information and belief," Defendant indeed subsequently relied on Plaintiff's insolvency and/or financial problems in denying Plaintiff's claim; (6) that "this conduct constitutes a fraudulent business practice intended to defeat the contract of insurance and [P]laintiff's rights thereunder"; (7) that the conduct "has the potential to harm the public at large"; (8) that "upon information and belief, [Defendant] is selling insurance to property owners whose credit score or financial condition would normally preclude them from obtaining coverage, with the knowledge that should a fire loss occur upon the property, [D]efendant . . . could then deny the fire loss based upon the claimant's financial status"; and (9) that a number of courts in other districts have previously found that Defendant has engaged in other false and fraudulent business practices intended to harm its insureds.  (*See generally* Dkt. No. 1.)

However, these factual allegations do not plausibly suggest "consumer oriented" conduct. Plaintiff has alleged the existence of only one deceptive act or practice allegedly committed by Defendant that arguably violates N.Y. Gen. Bus. Law § 349: the act or practice of considering a claimant's financial status in denying a claim based on a false statement pertaining to the cause of a fire.[2]  Under the circumstances, this alleged act or practice does not violate N.Y. Gen. Bus.

---

[2] To the extent that Plaintiff alleges that Defendant violated N.Y. Gen. Bus. Law § 349 by failing to timely respond to Plaintiff's insurance claim, the Court rejects the notion that that allegation gives rise to a claim under N.Y. Gen. Bus. Law § 349 for three reasons: (1) Plaintiff has failed to allege facts plausibly suggesting that Defendant has an *act or practice* of not timely responding to insurance claims; (2) Plaintiff has failed to allege facts plausibly suggesting how the untimely response to his insurance claim impacts the public at large; and (3) Plaintiff has failed to allege facts plausibly suggesting that he suffered an injury as a result of Defendant's delay in responding to his insurance claim.

Law § 349 for four reasons.

First, although a violation of New York Insurance Law may constitute a violation of N.Y. Gen. Bus. Law § 349, the fact that Defendant may have considered Plaintiff's financial status as a factor in denying Plaintiff's insurance claim does not violate New York Insurance Law.[3]

Second, in any event, Plaintiff does not even allege *facts* plausibly suggesting that Defendant actually relied on Plaintiff's insolvency and/or financial problems in denying Plaintiff's claim; rather, that allegation is made only "upon information and belief." (Dkt. No. 1, ¶ 52 ["Upon information and belief, in denying the Plaintiff's claim, the defendant has relied on its allegation that proof of the Plaintiff's insolvency and/or troubled financial status constitutes circumstantial evidence that can be relied upon by an insurer in denying a claim based upon a loss caused by fire."].)[4] Indeed, based on Plaintiff's own Complaint (and the documents incorporated by reference in that Complaint), it is clear that Defendant based its denial of

---

[3] *See Harary v. Allstate Ins. Co.*, 988 F. Supp. 93, 104-06 (E.D.N.Y. 1997) (granting defendant's motion for summary judgment on ground that plaintiff "failed to cooperate" with investigators, in violation of "cooperation clause," by not providing "her 1991 and 1992 income, evidence of her financial status that is materially relevant to her fire loss claim on the incendiary destruction of her home"); *Wagschal v. Sea Ins. Co.*, 861 F. Supp. 263, 265 (S.D.N.Y. 1994) (denying plaintiffs' motion to preclude, at trial, evidence demonstrating plaintiffs' financial condition prior to fire, noting that "this evidence may be relevant to the issue of [plaintiffs'] . . . motive to cause the fires to be set in order to obtain insurance proceeds," implicitly stating that using financial condition of insured as circumstantial evidence in evaluating claim for fire loss is not violation of N.Y. Ins. Law); *cf. Riordan v. Nationwide Mut. Fire Ins. Co.*, 756 F. Supp. 732, 736, 738-39 (S.D.N.Y. 1990) (finding that plaintiffs had adequately pled a claim under N.Y. Gen. Bus. Law § 349 against a fire insurer who had failed to pay their claim because "plaintiffs expressly allege[d] the existence of a claim settlement policy designed to deceive certain categories of policyholders" and, if the specific factual assertions regarding the treatment of their claim were proven true, defendant's conduct *would have violated New York's insurance law in at least five ways*) (emphasis added), *aff'd in part*, *question certified*, 977 F.2d 47 (2d Cir. 1992), *certification withdrawn*, 984 F.2d 69 (2d Cir. 1993).

[4] *See also Tinlee Enter., Inc. v. Aetna Cas. & Sur. Co.*, 834 F. Supp. 605, 609-10 (E.D.N.Y. 1993) (dismissing plaintiff's claim under N.Y. Gen. Bus. Law § 349 against a fire insurer who had failed to pay its claim on the ground that the fire damaging plaintiff's building was intentionally set, and that the plaintiff had submitted false documentation in support of its claim, because the complaint merely stated assertions on "information and belief").

Plaintiff's insurance claim, in substantial part, on the fact that an investigation established arson as the likely cause of the fire. (Dkt. No. 1, at ¶¶ 11, 12, 21, 23, 27; Dkt. No. 1, Attach. 5.)

Third, in any event, Plaintiff does not allege facts plausibly suggesting that Defendant committed numerous "acts," or a "practice," of considering a claimant's financial status in denying a claim based on a false statement pertaining to the cause of a fire. For example, Plaintiff alleges only "upon information and belief" that it sells insurance under such circumstances. (Dkt. No. 1 at ¶ 56 ["Upon information and belief, [Defendant] is selling insurance to property owners whose credit score or financial condition would normally preclude them from obtaining coverage, with the knowledge that should a fire loss occur upon the property, [D]efendant . . . could then deny the fire loss based upon the claimant's financial status."].) Moreover, conspicuously missing from Plaintiff's otherwise detailed Complaint is even a conclusory allegation that Defendant has denied insurance claims to other parties under the circumstances alleged in the Complaint. (*See generally* Dkt. No. 1.) Rather, Plaintiff hinges this allegation on speculation and "the potential" for harm. (*Id*. at ¶ 56.) Furthermore, with regard to Plaintiff's reference (in his Complaint) to cases in which other courts have found that Defendant has engaged in false and fraudulent business practices intended to harm its insureds, the Court notes that none of those cases involved the act or practice alleged in this case, i.e., the alleged act or practice of considering a claimant's financial status in denying a claim based on a false statement pertaining to the cause of a fire.[5]

---

[5] *See Transp. Ins. Co. v. Moriel*, 879 S.W.2d 10, 13-14, 18, 26 (Tex. 1994) (reversing and remanding a finding of punitive damages for the delayed payment of a worker's compensation claim because there needed to be a showing of gross negligence); *Transp. Ins. Co. v. Piedmont Const. Grp.*, 686 S.E.2d 824, 829 (Ga. App. 2009) (finding bad faith pursuant to a specific Georgia statute, [OCGA § 33-4-6] based on refusal to pay insurance claim within 60 days, when defendant did not "set forth any defenses to a determination of bad faith other than meritless business-risk clauses"); *Park Terrace v. Transp. Ins. Co.*, No. 07-CV-12848 (Milwaukee Cnty. Cir. Ct.) (awarding $8.37 million based on a finding of bad faith conduct

Fourth, and finally, even if Plaintiff had alleged facts plausibly suggesting the existence of such an act or practice, he has not persuaded the Court that the harm that would result would be to the "public at large." Rather, even liberally construing Plaintiff's Complaint, the "public" that may be harmed as a result of the alleged act or practice is limited to those persons who (1) have a troubled financial condition or poor credit score, and (2) have submitted a claim for coverage under a fire insurance policy after an investigation establishes arson as the likely cause of the fire. (*See generally* Dkt. No. 1.) In other words, only a *narrow segment* of the public would allegedly be harmed by any such alleged act or practice

For each of these alternative reasons, Plaintiff's claim under N.Y. Gen. Bus. Law § 349 is dismissed.

### B. Plaintiff's Demand for Punitive Damages on His Claim Under N.Y. Gen. Bus. Law § 349

As stated above in Part I.B. of this Decision and Order, Defendant alternatively requests the dismissal of Plaintiff's demand for punitive damages on his second claim because that claim involves a private dispute that does not affect the public at large. After carefully considering the matter, the Court agrees with Defendant: even if the Court were not inclined to dismiss Plaintiff's entire second claim (which, of course, includes his demand for punitive damages on that claim) for the reasons stated above in Part IV.A. of this Decision and Order, the Court would dismiss Plaintiff's demand for punitive damages on that claim for the reasons offered by Defendant. Simply stated, Plaintiff has failed to allege facts plausibly suggesting that Defendant has committed an independent tort of such an egregious nature as to involve "high moral culpability." *See Walker v. Sheldon*, 10 N.Y.2d 401, 404-405 (N.Y. 1961).

---

throughout defendant's companies of not paying coverage pursuant to a loss-of-income endorsement to a fire insurance policy, even though defendant covered plaintiff's actual property damage pursuant to the policy).

For these reasons, Plaintiff's demand for punitive damages on his second claim is dismissed.

### C. Any Claims Asserted Under N.Y. Ins. Law § 2601 and 11 NYCRR § 216

As stated above in Part I.B. of this Decision and Order, Defendant seeks the dismissal of any claims asserted by Plaintiff under N.Y. Ins. Law § 2601 and 11 NYCRR § 216, because that statute and regulation do not give rise to a private cause of action. The Court is inclined to agree with Defendant: if Plaintiff has asserted claims under N.Y. Ins. Law § 2601 and 11 NYCRR § 216, the Court would dismiss those claims, because the statute and regulation in question do not give rise to a private cause of action.[6] However, as the Court stated above in Part I.A. of this Decision and Order, it does not even liberally construe Plaintiff's Complaint as intending to assert such a claims. As a result, Defendant's request for the dismissal of those claims is denied as moot.

**ACCORDINGLY**, it is

**ORDERED** that Defendant's motion to partially dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6) (Dkt. No. 8) is **GRANTED in part** and **DENIED in part as moot** in the following respects:

> (1) Plaintiff's claim under N.Y. Gen. Bus. Law § 349 (including his request for punitive damages on that claim) is **DISMISSED**; and
>
> (2) Defendant's request for the dismissal of any claims asserted by Plaintiff pursuant to N.Y. Ins. Law § 2601 and 11 NYCRR § 216 is **DENIED as moot,** because Plaintiff has asserted no such claims; and it is further

---

[6] *See De Marinis v. Tower Ins. Co. of N.Y.*, 6 A.D.3d 484, 486 (N.Y. App. Div., 2d Dept. 2004); *Blanar v. State Farm Ins. Cos.*, 34 A.D.3d 1333-34 (N.Y. App. Div., 4th Dept. 2006); *Rocanova v. Equitable Life Assur. Soc.*, 83 N.Y.2d 603, 614 (N.Y. 1994).

      **ORDERED** that this case is referred to Magistrate Judge Treece for a Rule 16 conference to issue scheduling deadlines as to Plaintiff's remaining claim for breach-of-contract.

Dated: August 18, 2011
        Syracuse, New York

                                          Hon. Glenn T. Suddaby
                                          U.S. District Judge