UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MITCHELL COHEN,
                      Plaintiff,

v.                                                     1:10-CV-0743
                                                          (GTS/RFT)
TRANSPORTATION INSURANCE COMPANY,

                      Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

POKLEMBA & HOBBS, LLC                GARY C. HOBBS, ESQ.
  Counsel for Plaintiff
2715 Rt. 9, Suite 102
Malta, NY 12020

HISCOCK & BARCLAY, LLP               THOMAS J. O'CONNOR, ESQ.
  Counsel for Defendant
50 Beaver Street
Albany, NY 12207

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

Currently pending before the Court, in this diversity action for breach of contract filed by Mitchell Cohen ("Plaintiff") against Transportation Insurance Company ("Defendant"), are the parties' cross-motions in limine. (Dkt. No. 53, 66.) The cross-motions are fully briefed. (Dkt. Nos. 53-59, 66, 67, 80-82.) The Court heard oral argument on February 14, 2014, after which the Court reserved decision and stated that a written decision would be forthcoming. This is that written decision. For the reasons set forth below, Plaintiff's motion is granted in part and denied in part, and Defendants' cross-motion is denied.

## I. RELEVANT BACKGROUND

### A. Parties' Requests for Relief

In his motion in limine, Plaintiff requests an Order precluding the following three forms of evidence: (1) evidence that Plaintiff allegedly caused, solicited or procured the fire that caused the loss claimed, until Defendant has first proven that it made a timely (i.e., reasonable) written notice of its denial of Plaintiff's claim; (2) evidence that is unrelated to Defendant's two stated grounds for its denial of Plaintiff's claim as set forth in Defendant's Notice of Disclaimer, its Answer to Plaintiff's Complaint, and the deposition of Defendant's insurance adjuster Tony Marra, i.e., the fact that Plaintiff caused the fire to be intentionally set, and the fact that in his claim Plaintiff falsely represented that he did not cause the fire to be intentionally set (as well as evidence that is unrelated to the three factors used to deny Plaintiff's claim, as stated in the deposition of Mr. Marra, i.e., the fact that the fire was incendiary, the fact that Plaintiff was the last person to leave the building, and the fact that Plaintiff had a motive of financial gain in starting the fire); and (3) evidence of Plaintiff's 22-year-old criminal conviction for Fourth Degree Grand Larceny, and dental-license suspension resulting from the criminal investigation. (Dkt. No. 53.)

In its cross-motion in limine, Defendant requests the opposite of the relief contained in Plaintiff's third request--an Order admitting Plaintiff's 22-year-old felony conviction for Fourth Degree Grand Larceny.

B.   **Parties' Arguments in Their Motion Papers**

1.   **Plaintiff's Arguments**

Generally, in support of his motion in limine, Plaintiff argues as follows. (Dkt. Nos. 54, 75.) With regard to his first request, generally Plaintiff argues that New York State cases hold that, if an insurance company unreasonably delays giving the policy holder written notice of its denial of the claim, the insurance company will not be permitted to deny the claim (and that delays of two to four months are unreasonable as a matter of law).

With regard to his second request, generally Plaintiff argues that New York State cases hold that an insurer's attempt at disclaimer is strictly limited to those grounds articulated in the notice of disclaimer such that a ground not raised in a notice of disclaimer may not be later asserted by the insurer. Here, argues Plaintiff, in its notice of disclaimer, Defendant attempted to add a "catch-all" provision, allowing Defendant to disclaim coverage for "any additional relevant reasons for disclaimer in the future."

With regard to his third request, generally Plaintiff argues that his conviction for Fourth Degree Grand Larceny is 22 years old and was based (upon information and belief) on an *Alford* plea, which is not even an admission of guilt (and in any event has been sealed and/or vacated). In addition, Plaintiff argues, his dental license was suspended for one year on August 11, 1989 (24 years ago), for five years on August 21, 1991 (22 years ago), and for five years on March 26, 1993 (20 years ago). Moreover, Plaintiff argues, his dental license was revoked for three years (17 years ago) on July 25, 1996. Plaintiff argues that he has had a clean record since then, rehabilitating himself. Finally, Plaintiff argues, Defendant has failed to provide the statutory notice of its intention to use the criminal conviction. As a result, Plaintiff argues, this evidence

is inadmissible under Fed. R. Evid. 403, 404, and 609(b)(2).

2. **Defendant's Arguments**

Generally, in opposition to Plaintiff's motion, and in support of its own cross-motion, Defendant argues as follows. (Dkt. Nos. 67, 80-82.) With regard to Plaintiff's first request, Defendant argues that the request is essentially a dispositive motion (requesting an Order precluding Defendant from presenting an affirmative defense), which is (a) untimely and procedurally improper, (b) based on a misapplication of Insurance Law § 3420, and (c) equitably barred by Plaintiff's own unclean hands and lack of detrimental reliance.

With regard to Plaintiff's second request, Defendant argues that the request should be denied because, while Defendant concedes the general point of law on which Plaintiff relies, Defendant's stated grounds for the denial of Plaintiff's claim as set forth in its Notice of Disclaimer and its Answer to Plaintiff's Complaint were broader than those described by Plaintiff. For example, Defendant argues, its stated grounds in its Notice of Disclaimer included Plaintiff's misrepresentations as to his "activities before and after the loss." Similarly, Defendant argues, its Answer included a defense that Plaintiff had made "fraudulent statements" in the "proof of loss and examinations under oath."

With regard to Plaintiff's third request (and Defendant's competing request for relief), Defendant argues that it intends to introduce evidence of Plaintiff's criminal conviction for the following reasons: (1) the conviction arises from numerous false claims made by Plaintiff for dental services to Medicaid recipients between 1986 and 1990, totaling approximately $20,542; (2) pursuant to Fed. R. Evid. 609(b), evidence of such a conviction is admissible against a party in a civil action to impeach his credibility where "the court determines, in the interests of justice,

4

that the probative value of the conviction supported by specific facts and circumstances substantially outweighs its prejudicial effect," *see Zinman v. Black & Decker*, 983 F.2d 431, 434 (2d Cir. 1993) (discussing Fed. R. Evid. 609[b]); (3) here, the probative value is high because the crime involves dishonesty; and the prejudicial effect is low because the crime is dissimilar from the act alleged to have been committed by Plaintiff in the current case; and (4) to the extent that the jury may be tempted to draw an improper inference or conclusion based on a belief that the crime is similar to the act alleged in this case, the Court can easily limit that potential through a limiting instruction (directing the jury against drawing any such inference or conclusion).

## II. ANALYSIS

After carefully considering the matter, the Court denies the first and second requests contained in Plaintiff's motion for the reasons set forth in Defendant's motion papers. *See, supra,* Part I of this Decision and Order. However, the Court grants the third request contained in Plaintiff's motion for the reasons set forth in his motion papers; and the Court denies Defendant's cross-motion for the reasons stated in Plaintiff's motion papers. *Id*. The Court would add only the following analysis.

### A. Plaintiff's First Request

With regard to Plaintiff first request, just because the incendiarism defense cannot be reached by the jury on the Verdict Form unless the jury first determines that Defendant made a timely written notice of its denial of Plaintiff's does not mean that Defendant must present its proof of a timely written notice before it presents its proof of the incendiarism defense. Granting this request would effectively permit Plaintiff to make a motion for a directed verdict in the middle of Defendant's proof rather than at the end of that proof (not permitting Defendant to

5

then present evidence regarding its incendiarism defense). It should be noted that Plaintiff will be able to make a motion for a directed verdict on the untimely-written-notice issue at the close of its own proof.

### B. Plaintiff's Second Request

With regard to Plaintiff's second request, Defendant's stated grounds for denial in its Notice of Disclaimer and its Answer are indeed broader than the two discrete grounds described by Plaintiff.

Specifically, Defendant's stated grounds for denial in its Notice of Disclaimer included the following: (1) the fact that Plaintiff had "knowledge and involvement in the cause of [the] intentionally set fire"; and (2) the fact that Plaintiff made sworn "misrepresentations of material fact in connection with the loss including" (a) "the cause of the loss," (b) "[Plaintiff's] involvement in the loss," (c) "[Plaintiff's] activities before and after the loss," and (e) "other circumstances relevant to the Company's investigation." (Dkt. No. 53, Attach. 2, at 3.)

Similarly, Defendant's Answer included, inter alia, the following three affirmative defenses: (1) that "[t]he Plaintiff caused, solicited and/or procured [the] fire for the purposes of submitting a claim to and recovering from the Defendant"; (2) that, in his claim and examination under oath, Plaintiff "represented to the Defendant that Plaintiff had neither caused, solicited nor procured the fire loss," which "representations . . . were false since Plaintiff caused, solicited and/or procured the loss"; and (3) that, "[i]n the . . . proof of loss and the examination under oath, there were fraudulent statements." (Dkt. No. 14, at ¶¶ 45, 47-49, 57, 59, 60.)

This language is sufficiently broad to encompass the evidence that Plaintiff seeks to exclude. For example, it is possible that proof of Plaintiff's whereabouts before, during and after

6

the fire, and misstatements about those whereabouts, could constitute proof that Plaintiff caused, solicited and/or procured the fire.

With regard to the deposition of Defendant's insurance adjuster Tony Marra, for the sake of brevity the Court will not linger on the fact that, fairly read, Mr. Marra's deposition testimony stated that, based on his understanding of the Notice of Disclaimer, Defendant's first ground for denial was "*essentially*" the fact that Plaintiff caused, solicited and/or procured [the] fire. (Dkt. No. 55, at 13 [emphasis added].) The Court will also not linger on the fact that Mr. Marra's deposition testimony stated that Defendant's second ground for denial was the rather broad fact that Plaintiff had fraudulently testified (in his examination under oath) that he had "had no involvement" in the fire. (*Id*. at 15.) More important is the fact that among the factors cited by Mr. Marra in concluding that Plaintiff had caused the fire was his whereabouts before the fire (specifically, the fact that he had been "the last person to leave the building," to the best of Mr. Marra's knowledge based on the evidence existing at the time). (*Id*. at 23-24.)

Under the circumstances, the fact that Mr. Marra failed to recollect (more than two-and-a-half years after the Notice of Disclaimer) further details of the factors he considered in recommending the denial of Plaintiff's claim is more properly the subject of cross-examination than an order of preclusion.

### C. Plaintiff's Third Request

With regard to Plaintiff's third request, technically, there are two separate types of evidence at issue here: (i) evidence regarding the license suspensions and revocation; and (ii) and evidence regarding the conviction. Ordinarily, the Court might address them separately (e.g., finding that the evidence regarding the licenses suspensions and revocation can merely be

7

inquired into on cross-examination and not be proved by extrinsic evidence, unless Plaintiff opens the door to his clean license record on direct examination). However, here, the parties do not have the relevant court records (e.g., Indictment and plea agreement/transcript), only the licensing records referring to the court records; and it is the latter documents that Defendant seeks to admit. As a result, the Court will analyze the evidence together, in the context of the admissibility of the conviction.

The conviction is certainly probative of truthfulness, because it has to do with numerous dishonest acts and false statements. However, its probative value is diminished somewhat by its age (which creates the possibility that Plaintiff was rehabilitated).

Moreover, the criminal act of filing a false Medicare claim is so similar to the act of filing a false insurance claim as to possibly confuse the jury and/or suggest that (in connection with the insurance claim) Plaintiff acted in conformity with his prior criminal act. *See, e.g., Tipton v. News-Review Pub. Co.*, 11-CV-6023, 2012 WL 2679454, at *3 (D. Or. July 6, 2012) ("[T]here is some similarity between the past crime of initiating a false statement to the police in an attempt to avoid paying for merchandise ordered by credit card and the issue in this civil case where Plaintiff is seeking to obtain money damages for alleged overtime worked and is claiming that Defendant instructed Plaintiff to falsify her time cards as her explanation for why the time cards that Plaintiff completed and submitted fail to show any uncompensated overtime.").

Of course, the Court could use a cautionary instruction with some success. *See, e.g., U.S. v. Logsdon*, 12-CV-0298, 2013 WL 5963012, at *3 (W.D. Okl. Nov. 7, 2013) (finding that prejudicial effect of prior conviction for false declaration of ownership and writing bogus checks on current charge of wilfully failing to file tax return on can be minimized by cautionary

instruction limiting jury's consideration of the prior convictions to the issue of credibility).

However, the danger of jury confusion is further exacerbated by the fact that Defendant does not possess the relevant court records, and would have to admit the licensing records to prove the conviction (injecting the license suspensions and revocation into the controversy).

Under the circumstances, evidence of the conviction should be, and is, precluded. Of course, the conviction may be proved through extrinsic evidence in the event Plaintiff opens the door regarding his criminal record on direct examination.

**ACCORDINGLY**, it is

**ORDERED** that the first and second requests contained in Plaintiff's motion in limine (Dkt. No. 53) are **DENIED**, but the third request contained in that motion is **GRANTED**; and it is further

**ORDERED** that Defendant's cross-motion in limine (Dkt. No. 66) is **DENIED**.

Dated: February 19, 2014
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge